IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NATHANIEL L. JOHNSON,

    Plaintiff,

v.	: Civ. No. 15-816-RGA

SUZANNE MACPHERSON JOHNSON, et al.,

    Defendants.

---

Nathaniel L. Johnson, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 1, 2015
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Nathaniel L. Johnson, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

**Background.**

Johnson alleges that Defendant Linda D. Hodge "committed a serious act of perjury against [him]" when she filed a false police report and "made up thirteen falsifying charges" with Defendant State Trooper Scott E. Weaver. Johnson alleges that Weaver obtained the false statement and helped Hodge add eight more false charges against him. Johnson makes numerous allegations regarding the actions of his court appointed attorney Defendant Suzanne Macpherson Johnson. Plaintiff alleges that attorney Johnson, with the help of Defendant Delaware Deputy Attorney General Robert David Favata, forced "a lot of pleas at [him]." Plaintiff questions how Favata could offer a ten year plea "without any actual true real state concrete evidence." (D.I. 1 at 7).

Johnson seeks release from prison and compensatory damages for false imprisonment. He also requests that this court vacate his conviction and sentence, grant a new trial, and/or the withdrawal of his coerced plea.

**Legal Standard.**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Johnson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Johnson leave to amend his

complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the Court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Hodge is Johnson's ex-girlfriend. *See State v. Johnson*, 2013 WL 5883211, at *2 (Del. Super. Ct. June 14, 2014). Johnson was indicted in October 2010 on thirteen criminal charges that stemmed from Johnson breaking into Hodge's home, strangling her from behind, and later attempting a second break-in by throwing a rock through the victim's window and threatening to kill her. *Johnson v. State*, 83 A.3d 737 (table) (Del. 2013). Hodge's two children were present during the crimes. *Id.* Johnson faced a

possible life sentence as a habitual offender if convicted of a felony. *Id.* On March 23, 2011, the first day of his scheduled trial, Johnson pled guilty to second degree burglary and strangulation and, in exchange, the State dismissed the remaining eleven charges and agreed to refrain from seeking a habitual offender sentence. *See State v. Johnson*, 2013 WL 5883211, at *1 (Del. Super. Ct. Aug. 13, 2011). Johnson was sentenced to a total of thirteen years at Level V incarceration, suspended after ten years for one year of Level III probation.[1] *See Johnson v. State*, 83 A.3d 737 (Table), 2013 WL 6858400, at *1 (Del. Dec. 24, 2013).

**Habeas Corpus.**

To the extent that Johnson attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

---

[1] Johnson did not appeal his convictions or sentence. *See Johnson*, 2013 WL 6858400, at *1. In April 2011, Johnson filed a motion for sentence reduction, which the Superior Court denied. *Id.* Johnson filed a second motion for sentence reduction in May 2011, which was also denied. *Id.* In March 2012, Johnson filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. The Superior Court denied the Rule 61 motion on August 16, 2013, *see Johnson*, 2013 WL 5883211, at *1, and the Delaware Supreme Court affirmed the decision. *See Johnson*, 2013 WL 6858400, at *2.

by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

Here, Johnson has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent he seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *See Neitzke*, 490 U.S. at 326.

**State Actors**.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Hodge is Johnson's ex-girlfriend, a private individual who lodged a criminal complaint against Johnson. Suzanne Johnson is an attorney who represented Plaintiff in this criminal case. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981).

Neither Hodge nor Suzanne Johnson are "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Therefore, the § 1983 claim is not cognizable. The claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

**Prosecutorial Immunity.**

Johnson complains of actions taken by Favata during the prosecution of Johnson. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Many of the acts of which plaintiff complains (*e.g.*, the plea agreement was not supported by the evidence) fit squarely within the realm of official prosecutorial duties. *See id.* at 430 (activities intimately associated with the judicial phase of the criminal process, casting the prosecutor as an advocate rather than an administrative or investigative officer, trigger absolute immunity). Favata enjoys immunity from § 1983 liability for those acts, and the claims against him will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915(A)(b)(2).

**False Charges.**

Plaintiff alleges that Trooper Weaver helped Hodge add eight false charges against him. Plaintiff offers no facts to support this bald assertion. Nor does he allege any facts regarding what was known to Weaver during the relevant time-frame. The Court takes judicial notice that Plaintiff was indicted on thirteen criminal charges and pled guilty in exchange for dismissal of several charges and the agreement to refrain from sentencing him as habitual offender. To the extent that Plaintiff attempts to state a claim for malicious prosecution based upon the charges Weaver helped Hodge lodge, the claim fails. Johnson's plea agreement with the prosecution means that he cannot establish a favorable termination for purposes of a § 1983 action for malicious

6

prosecution. *See Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). Plaintiff has failed to allege any facts that give rise to a cognizable claim against Weaver. Therefore, the court will dismiss the claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

**Statute of Limitations.**

Finally, the claims raised by Johnson are barred by the two-year limitations period. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Johnson complains of acts occurring on August 28, 2010. He did not file his Complaint until 2015. Hence, it is evident from the face of the Complaint that his claims

7

are time-barred. Therefore, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Conclusion.**

For the above reasons, the Court will dismiss the complaint as legally frivolous and based upon immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

An appropriate order will be entered.